## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| | § | CASE NO.  4:18-CV-00129-ALM-KPJ |
| v. | §<br>§ | |
| AMERATEX ENERGY, INC., LEWIS OIL CORPORATION, LEWIS OIL COMPANY, THOMAS A. LEWIS, WILLIAM R. FORT, DAMON L. FOX, and BRIAN W. BULL, | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Unopposed Motion to Enter Agreed Partial Judgment against Defendant Damon L. Fox ("Fox") (the "Motion") (Dkt. 34). As set forth below, the Court recommends the Motion (Dkt. 34) be **GRANTED**.

### I.      BACKGROUND

The SEC filed suit on (Dkt. 1) on February 27, 2018, alleging violations of the federal securities laws against Defendant Fox. The SEC alleges, among other things, that Defendant Fox played a key role in a fraudulent investments scheme, acting as an accountant for several limited partnerships and knowingly diverting investor funds for his own use and that of other members in the scheme. *See generally* Dkt. 1.  The complaint further alleges that Defendants violated the antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 (the "Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder. *Id*. at ¶¶ 3-4.

The Motion represents that the SEC has reached a settlement with Defendant Fox (Dkt. 34), and Defendant Fox has executed a consent (the "Consent") (Dkt. 34-1) representing that he: (1) was served with a summons and the complaint in this action; (2) enters a general appearance; (3) admits this Court's jurisdiction over him and the subject matter of this action; and (4) consents to the entry of final judgment without admitting or denying the allegations in the complaint (except as to jurisdiction and as otherwise provided in paragraph VII of the Agreed Partial Judgment). *See id.* The Consent also represents that Defendant Fox consents to the entry of final judgment as set forth in the Consent (Dkt. 34-1) and in the proposed final judgment (Dkt. 34-2) submitted with the Motion. Among other things, the proposed final judgment seeks the issuance of permanent injunction against Defendant Fox. *See id.* As set forth in the Motion (Dkt. 34) and its accompanying attachments, the SEC moves, under Federal Rule of Civil Procedure 54(b), for entry of final judgment and permanent injunction against Defendant Fox.

## II.     LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). In other words, "[n]o ruling can be appealed until a certification is obtained under Rule 54(b) or until all the remaining issues in the case have been decided." *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 420 (5th Cir. 2013) (citing 10 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2656 (3d ed.1998)). Unless the district court indicates "that no just reason for delay exists and expressly directs entry of judgment, finality will not attach to an order

that disposes of some but not all of the defendants." *Id.* (quoting *Witherspoon v. White*, 111 F.3d 399, 402 (5th Cir.1997)).

This rule reflects the "historic federal policy against piecemeal appeals." *Id.* (citing *Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." It is left to the sound discretion of the district court to decide whether to certify a 54(b) final judgment. *See Curtiss-Wright Corp.*, 446 U.S. at 8; *see also Pemex Exploración Y Producción Basf Corp. Pemex Exploración Y Producción v. Big Star Gathering Ltd L.L.P.*, 2014 WL 12596522, at \*17 (S.D. Tex. 2014) ("[D]istrict courts have broad discretion to enter Rule 54(b) judgments in a multi-party case like this, even where similar claims remain pending against other defendants.").

### III.   ANALYSIS

Because the SEC seeks entry of final judgment based on its consent agreement with Defendant Fox, the Court must first consider the nature of such agreements. The underlying agreement between the SEC and Defendant Fox is in the nature of a settlement and also has the elements of a contract. *Local 93, Int'l Firefighters v. City of Cleveland*, 478 U.S. 501, 519 (1986). However, when such an agreement "is entered as a judgment of the court, it takes on an added significance." *Kaspar Wire Works, Inc. v. Leco Eng'g and Mach., Inc.*, 575 F.2d 530, 538–39 (5th Cir.1978). Thus, consent decrees "have attributes both of contracts and of judicial decrees." *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236–37 n. 10 (1975).

Although a consent decree is sometimes "construed for enforcement purposes as a contract," *ITT Continental*, 420 U.S. at 238, where the consent judgment involves an injunction or similar equitable relief, "the injunction . . . will be enforced as any injunction is enforced." 1B JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 0.409[5], at III–151 (2d ed. 1993)*; accord Kaspar Wire Works, Inc.*, 575 F.2d at 538–39. A consent decree, once entered into judgment by a

court, "has the same force and effect as any other judgment until set aside in the manner provided by law[.] . . ." *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 n.2 (5th Cir. 2006) ("We have always held that a consent decree approved by judicial order is 'judgment'. . . .").

Furthermore, "courts should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). When reviewing a consent decree, a court "does not inquire into the precise legal rights of the respective parties" but instead "assures itself that there has been valid consent by the concerned parties and that the terms of the decree are not unlawful, unreasonable, or inequitable." *United States v. City of Jackson*, 519 F.2d 1147, 1151 (5th Cir. 1975); *see also Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (noting courts temper deference by endeavoring to ascertain whether "the settlement is fair and . . . does not violate the Constitution, statutes, or jurisprudence"). Notwithstanding the deference due such proposed decrees, the Court may not act as a "rubber stamp" in this context. *See United States v. Wallace*, 893 F. Supp. 627, 630-31 (N.D. Tex. 1995); *Jones*, 296 F.R.D. at 428–29 (considering the "nature of the litigation and purposes to be served by the decree" in making determination whether to enter terms of consent decree).

Having reviewed the Consent (Dkt. 34-1) and the proposed final judgment (Dkt. 34-2), the Court is satisfied that there has been valid consent and the terms of the Consent and the proposed final judgment are not unlawful, unreasonable, or inequitable. *Jackson*, 519 F.2d at 1151.

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that the SEC's Unopposed Motion to Enter Agreed Partial Judgment against Defendant Damon L. Fox (Dkt. 34) be **GRANTED** and final judgment be entered as set forth in the proposed agreed partial judgment. *See* Dkt. 34-2.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of April, 2019.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE